UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 12-cv-0196 (JFB) (ETB)

CITIBANK, N.A.

Plaintiff,

VERSUS

MICHAL SWIATKOWSKI, LIDIA SWIATKOWSKI, AND BETINA KOCH

Defendants.

**MEMORANDUM AND ORDER**
February 21, 2012

JOSEPH F. BIANCO, District Judge:

The above-entitled action was removed from state court by defendant Lidia Swiatkowski ("Swiatkowski"). Plaintiff Citibank, N.A. ("Citibank") submitted a letter requesting that the Court *sua sponte* remand the action to state court on the grounds that, *inter alia*, the Court lacks subject matter jurisdiction and Swiatkowski's removal of the action was untimely. For the reasons that follow, the Court *sua sponte* remands the action to state court.

I. BACKGROUND

A. Factual Background

1. Swiatkowski's Removal

The state court action involves Citibank's eviction of Swiatkowski and other defendants.[1] In the papers requesting removal, Swiatkowski did not attach Citibank's complaint in the state court action. Rather, Swiatkowski filed a "Petition for Removal" which states,

> Petitioner in the above case is a respondent in the Lower Court

---

[1] For purposes of this opinion, the Court assumes familiarity with other actions before this Court involving the property at issue and the defendants in the state court action, *Swiatkowski v. CitiMortgage, Inc.*, No. 10-CV-6024(JFB), 2011 WL 4369520 (E.D.N.Y. Sept. 19, 2011) and *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010). The Court notes that there also have been related actions before the Honorable Arthur D. Spatt, U.S. District Judge for the Eastern District of New York, in the following cases: *Citibank N.A v. Swiatkowski*, No. 4-CV-5122(ADS)(MLO) (attempt to remove foreclosure proceedings), *Swiatkowski v. State of NY*, No. 5-CV-178(ADS) (federal civil rights lawsuit), and *Citibank, N.A. v. Swiatkowski*, No. 5-CV-4679(ADS)(MLO) (attempt to remove foreclosure proceedings).

case, a native of the United States of America residing in the Eastern District of New York, pro se, her[eby] petitions for the removal of the above actions under the following Index No.: LT-004547-11 from the DISTRICT COURT OF NASSAU COUNTY, FIRST DISTRICT: HEMPSTEAD, with Citibank, N.A. as petitioner in the Landlord Tenant Action, on the following grounds:

The Proceeding was filed in the District Court of Nassau County, First District: Housing Part on August 9, 2011 and has become removable pursuant to 28 [U.S.C. §] 1446. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; in that there is a federal question that exceeds $100,000.00 under the Constitution and laws of the United States, and that the action seeks monetary damages in excess of $100,000.00.

(Petition for Removal at 3-4, Jan. 17, 2012, ECF No. 1.)[2] Swiatkowski's Petition for Removal also lists several other sections of the United States Code that purportedly give the Court jurisdiction over this action.[3]

Under the "Statement of Claim" heading, Swiatkowski states that on August 9, 2011, Citibank "filed an action Index No.:LT-004547-11 with the District Court of Nassau County, First District: Housing Part as an Owner seeking a removal of Petitioner as tenants." (*Id.* at 6, ¶ 5.) Swiatkowski continues, "On September 16, 2011 during the procedures of the Court, the court denied Petitioners legal representation[.] It also denied the court translator for Petitioners even though they clearly stated that one of them is hearing impaired and is not aware fully of the court proceedings." (*Id.* at 6, ¶¶ 6-7.) Swiatkowski continues, "Petitioners seek removal to enforce the stated federal statutes because the state court cannot, is unwilling, or that an extra-judicial climate exists that is prejudicial to Petitioners' civil rights and the enjoyment of their constitutional rights because racial, ethnic or religious or other bias." (*Id.* at 6-7, ¶ 8.)

Swiatkowski also states "Respondent['s] attempt[ ] to proceed to eviction without standing violated Petitioner['s] rights. The request for examination of Petitioner['s] standing as tenant and Respondent['s] as owners fell on deaf ears during the court proceedings as the court denied the jurisdiction to review the motion." (*Id.* at 7, ¶¶ 10-11.) Swiatkowski states that "thirty days have not elapsed since the action has become removable through service or otherwise of a copy or a summons and complaint, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Such event occurred on January 13, 2012." (*Id.* at 7, ¶ 12.)

---

[2] Because Swiatkowski's papers do not have page numbers, the ECF page numbers are given.
[3] Those sections are: 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), 18 U.S.C. § 241, 18 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, 18 U.S.C. § 1623, 18 U.S.C. § 1341, 18 U.S.C. § 1957, 18 U.S.C. § 472, 18 U.S.C. § 473, 18 U.S.C. § 474, 18 U.S.C. § 1028, 18 U.S.C. § 1961, 18 U.S.C. § 1962, 18 U.S.C. § 1963, 18 U.S.C. § 1964, 18 U.S.C. § 1965, 28 U.S.C. § 1443, and 18 U.S.C.

§ 152. (Petition for Removal at 4-5, Jan. 17, 2012, ECF No. 1.)

### 2. Citibank's Response

By letter dated January 20, 2012, Citibank submitted a letter requesting that the Court *sua sponte* remand the action to state court. In the letter, Citibank explains that the state court eviction proceeding was commenced on August 20, 2011, when the eviction petition was served. (Pl.'s Letter, Jan. 23, 2012, ECF No. 2.) Citibank submitted the state court "Notice of Petition – Holdover" dated August 4, 2011, and the affidavit of service dated August 22, 2011 which indicated service of the Petition and Notice of Petition on August 20, 2011. (Pl's Letter Attachment at 6-7, Jan. 23, 2012, ECF No. 2-1.)[4]

Citibank also states that Swiatkowski and the state court defendants appeared in the Nassau County District Court, First District Housing Park, whereby the matter was tried on the merits on October 4, 2011, and a Judgment of Possession was entered on October 13, 2011. (Pl.'s Letter, Jan. 23, 2012, ECF No. 2.) Citibank also includes copies of the Judgment (Pl's Letter Attachment at 5, Jan. 23, 2012, ECF No. 2-1), and the Judgment of Possession (*Id.* at 4.)

Citibank further states that Swiatkowski and the state court defendants have an appeal pending before the Appellate Division, Second Department. (Pl.'s Letter, Jan. 23, 2012, ECF No. 2.) Citibank has submitted Swiatkowski's affidavit in support of an Order to Show Cause, dated January 13, 2012, and the Appellate Division's Order to Show Cause also dated January 13, 2012. (Pl's Letter Attachment, Jan. 23, 2012, ECF No. 2-2.)

---

[4] Because Citibank's papers do not have page numbers, the ECF page numbers are given.

### B. Procedural Background

Swiatkowski filed a notice of removal on January 17, 2012. Citibank responded by letter and requested *sua sponte* remand on January 20, 2012, and the letter was filed on January 23, 2012. The Court issued an Order to Show Cause on January 24, 2012 directing Swiatkowski to respond by February 3, 2012 as to why the Court should not *sua sponte* remand the action to state court for the reasons set forth in Citibank's letter, including that the removal was improper under 28 U.S.C. § 1446, and that the action must be remanded under the doctrine of *Rooker-Feldman*. On February 1, 2012, Swiatkowski filed an "Application for Correction of Filing and Request for Extension of Time to Respond to Show Cause With Return Date February 3, 2012." In Swiatkowski's application, Swiatkowski argued that the Court must correct a clerical mistake on the docket sheet and correct the year in the date stamp of Swiatkowski's removal petition; Swiatkowski also requested an extension of fifteen days to respond to the Order to Show Cause. On February 1, 2012, the Court issued an Order stating that the clerical errors raised by Swiatkowski had no bearing on the legal issues with respect to remand and allowed Swiatkowski to respond to the January 24, 2012 Order to Show Cause by February 10, 2012. On February 10, 2012 Swiatkowski filed a motion to recuse the undersigned.

## II. DISCUSSION

### A. Applicable Law

"Generally, a defendant in an action pending in state court may remove that case to federal court only if it could have originally been commenced in federal

court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)).[5] "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00-1898, MDL 1358(SAS), M 21-88, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quotation omitted)). Accordingly, the burden is on the defendant to establish federal jurisdiction. Further, the removal statute should be strictly construed, and any doubts about jurisdiction should be resolved against removal. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

### B. Analysis

#### 1. Untimeliness of Swiatkowski's Removal

The procedure for removal of state cases to federal court is prescribed by 28 U.S.C. § 1446:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the services of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).[6]

The instant action was originally commenced as an eviction proceeding in August 2011. Swiatkowski herself notes that the action was commenced on August 9, 2011. (Petition for Removal at 3, Jan. 17, 2012, ECF No. 1.) Citibank's documentation demonstrates that defendants were served with the eviction petition on August 20, 2011. The institution of the state court eviction action is outside the thirty-day period permitted under the removal statute. In the Notice of Removal, Swiatkowski claims that the action became removable on January 13, 2012. (*Id.* at 7, ¶ 12.) Swiatkowski has presented no reason why this date is the operative date for removal. From the documents submitted to the Court, the only event that occurred on this date is the state court defendants' filing of an Order to Show Cause in the

---

[5] The Court notes that "Swiatkowski" is incorrectly spelled in the name of this case. The defendants in the cited case include the same defendants as those in the instant action.

[6] In addition, the statute requires:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). Swiatkowski has not submitted the petition for eviction filed by Citibank in state court.

Appellate Division, Second Department. Such an event does not convert the eviction action into a "civil action of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a).

Because Swiatkowski's removal occurred more than thirty days after service of the eviction petition, the removal is untimely and the Court must remand this proceeding. *See Kalamas v. Consumer Solutions Reo, LLC*, No. 09-CV-5045(SJF), 2010 WL 4811894, at *3 (E.D.N.Y. Nov. 17, 2010) ("Kalamas did not file a notice of removal of the holdover proceeding until November 17, 2009, more than six (6) months after the thirty (30)-day period set forth in Section 1446(b) had expired. Accordingly, the branch of Consumer Solution's motion seeking remand of this proceeding on the basis that the notice of removal was not timely filed is granted."). To the extent Swiatkowski attempts to argue the state court action became removable on January 13, 2012, Swiatkowski has made no showing of how an event occurring on that date established federal jurisdiction. Thus, the action must be remanded to state court.

2. Lack of Subject Matter Jurisdiction

Even if the removal was timely, it is evident from plaintiff's Petition for Removal that the Court lacks subject matter jurisdiction.

To the extent Swiatkowski alleges that the action is removable because the state court has violated her due process and other constitutional rights, such a claim must fail. As Judge Spatt noted in an opinion dealing with Swiatkowksi's attempt to remove state court foreclosure proceedings,

[A]s explained in *Khalid v. Signature Leading & Management, Inc.*, No. Civ. A. 3:01-CV-1020-R, 2001 WL 880685 (N.D. Tex. July 26, 2001), a state court's purported violation of a party's federal due process rights cannot serve as the basis for removing the state court proceeding to federal district court:

> [Petitioner]'s stated basis for removal is that the state court actions involve federal questions. An analysis of the reasons for her contention demonstrates that they are fatally defective. Specifically, she claims that the state courts have ruled in a manner to deprive her of federal rights of . . . due process.
>
> It is apparent that the gravamen of her federal question jurisdiction assertion is that she has been and is being treated unfairly in the Texas state court system. Federal question jurisdiction is not so easily invoked. Indeed, were such a sufficient basis for federal question jurisdiction, federal courts would be inundated with removal cases by state court defendants who felt that their [federal] rights were not being observed by state court judges.

*Id.* at *1 (citation omitted); *see also In re Al-Zaghari*, No. C 01-1154, 2001 WL 345508, at *1 (N.D. Cal. Mar. 30, 2001) (denying petition for removal of child custody proceeding for lack of federal jurisdiction where petitioners claimed that the state court, in violation of federal due process, barred child visitation without notice or a hearing); *In re Pozsga*, 158 F.R.D. 435, 437 (D. Ariz. 1994) (finding removal petition "frivolous" and fining petitioner $100 where "the premise of the [petition] was that [petitioner's] . . . Fourteenth Amendment due process rights were being violated by the state court in its handling of [the underlying matter]").

*Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 9 (E.D.N.Y. 2005).

The Court agrees with Judge Spatt's analysis and finds that to the extent Swiatkowski attempts to remove the action based on purported constitutional violations committed by the state court, the removal is improper, and the action must be remanded.

In addition, to the extent Swiatkowski attempts to remove the state court proceeding to attack the judgments of foreclosure and eviction rendered by the state court, such an action is barred by the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine – *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) – a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.

The Second Circuit has delineated four requirements for the application of the *Rooker-Feldman* doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany Co. Board of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal citations and quotations omitted).

Here, all of the *Rooker-Feldman* requirements are satisfied. Swiatkowski lost in state court in both the foreclosure and eviction proceedings. Swiatkowski complains of injuries caused by the state court judgments of foreclosure and eviction. Swiatkowski's removal filings invite review of those state court judgments. Both the judgment of foreclosure and the judgment of eviction were entered before this attempt at removal.[7] *See Citibank, N.A. v.*

---

[7] The fact that Swiatkowski had an appeal pending before the Appellate Division at the time of removal does not affect the *Rooker-Feldman* analysis. *See Swiatkowski v. New York*, 160 F. App'x 30 (2d Cir. 2005) (upholding dismissal based on *Rooker-Feldman* even though a state court appeal was still pending); *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F. Supp. 2d 340, 347-48 (E.D.N.Y. 2010) ("*Rooker-Feldman* prevents federal courts (other than the Supreme Court) from review[ing] and revers[ing] unfavorable state-court *judgments*. This purpose would be undermined if the doctrine is inapplicable simply because a litigant happens to be seeking state appellate review of a state-court judgment. Regardless of the status of any state court appeals, the litigant is still seeking federal

*Swiatkowski*, 395 F. Supp. 2d 5, 10 (E.D.N.Y. 2005) (discussing judgment of foreclosure); Pl's Letter Attachment at 4-5, Jan. 23, 2012, ECF No. 2-1. Thus, even if the removal was timely filed and a federal question was asserted, the Court lacks subject-matter jurisdiction under *Rooker-Feldman*.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that *sua sponte* remand is warranted. *See Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 10 (E.D.N.Y. 2005) ("In sum, it is unmistakably clear that the Court lacks jurisdiction and the Court has the authority to remand this action *sua sponte* and without further notice." (citation and quotation marks omitted)). Swiatkowski's motion to recuse is denied because there is no basis for recusal.[8] This case is remanded to the District Court of Nassau County, First District.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated:  February 21, 2012
    Central Islip, NY

\* \* \*

Plaintiff is represented by Rashel M. Mehlman, Sweeney, Gallo, Reich & Bolz, 95-25 Queens Boulevard, Sixth Floor, Rego Park, NY 11374. Lidia Swiatkowski is proceeding *pro se*.

---

review of state court judgment. This is what *Rooker-Feldman* prohibits." (citations omitted) (emphasis and alteration in original)); *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 706 n.18 (S.D.N.Y. 2011) ("The fact that Plaintiff had a pending 440 motion at the time she filed the instant action does not affect the finality of the judgment for *Rooker-Feldman* purposes."); *Ward v. Bankers Trust Co. of California, N.A.*, No. 09-CV-1943(RRM)(LB), 2011 WL 1322205, at *6 (E.D.N.Y. Mar. 29, 2011).

[8] "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness – whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *U.S. v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998)) (alteration in original). The Court finds that there is no basis for recusal.